CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 12 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| DAVID TONY MOORE, | ) | Case No. 1:08-CR-00035 |
| Petitioner | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. James C. Turk |
| | ) | Senior United States District Judge |
| Respondent | ) | |

Petitioner, David Tony Moore (Moore), proceeding pro se, brings this action as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 193). Moore claims that he was denied effective assistance of counsel. On June 21, 2010, Respondent, the United States, filed a motion to dismiss Moore's § 2255 petition (Dkt No. 211). On July 12, 2010, Moore responded to the Government's motion to dismiss (Dkt No. 213). Upon review of the submissions of the parties and the underlying record, Case No. 1:08-CR-00035, the Court finds that Moore validly waived his right to pursue a § 2255 action in his plea agreement. Furthermore, the Court finds that Petitioner's claim of ineffective counsel is without merit. Accordingly, the court finds that Respondent's motion to dismiss must be granted, and Moore's motion to vacate his sentence under 28 U.S.C. § 2255 must be denied.

I. **Factual Background and Procedural History**

On December 18, 2008, Moore pled guilty to conspiring to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A) pursuant to a written plea agreement (Dkt No. 105). Moore agreed in the plea agreement he would be

subject to an enhanced sentence pursuant to 21 U.S.C. § 841(b)(1)(A) for having a prior felony drug conviction, based on an enhancement filed pursuant to 21 U.S.C. § 851. In exchange, the United States agreed to not seek additional enhancement based on other prior convictions and to dismiss Count Two of the Indictment against him. Moore additionally stipulated to the drug weight as 1.5 kilograms of cocaine base. As part of his plea agreement, Moore waived his right to collaterally attack any order entered in his case. The plea agreement reads: "I waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter and agree I will not file any document which seeks to disturb any such order." Plea Agreement, 8. The plea agreement also indicated that Moore was "fully satisfied with his attorney and his attorney's advice," and Moore agreed to make any complaint regarding his attorney's representation known to the Court no later than the time of sentencing. Id. at 11–12.

The Court accepted Moore's guilty plea after finding as a matter of fact that Moore fully understood the nature of the charge to which he was pleading guilty; that he entered the plea agreement voluntarily, of his own volition, free from threats, promises, compulsion, or duress; that he understood the consequences of entering a guilty plea, and that Moore was fully and completely satisfied with the legal services rendered by his attorney. Guilty Plea, 19–23.

Moore was sentenced on April 2, 2009. At the sentencing hearing, Moore's attorney objected to the presentence report. He specifically objected to the four level enhancement for being the organizer or leader of an extensive criminal activity involving five or more people. Sentencing Hearing, 111. At the hearing, the Court adopted as its findings of fact all the matters set forth in the presentencing report and overruled Moore's

objections. The Court found that Moore had an adjusted offense level of 40 under the Advisory Sentencing Guidelines. After crediting Moore with three points for acceptance of responsibility, the Court found that his total offense level was 37. Sentencing Hearing, 116. The Advisory Sentencing Guidelines suggested a period of incarceration from 360 months to life, and the Court sentenced Moore to 360 months incarceration. Sentencing Hearing, 116.

Moore now contends that his waiver does not preclude him from collaterally attacking his sentence with an action under § 2255 because the sentencing hearing occurred after he waived his right to collaterally attack his guilty plea or sentence. Moore further asserts that his counsel at the sentencing hearing was ineffective.

## II. Standard of Review

To state a claim for relief under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Petitioner bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998); Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

## III. Analysis of Moore's Guilty Plea and Waiver

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Waivers of collateral

review are analyzed under a two-part analysis in which both the validity and the scope of the waiver are considered. See, e.g., United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (holding that a waiver will be enforced if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver). The validity of a waiver "depends on whether the defendant knowingly and intelligently agreed to waive the right." Id. at 731-32

"[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should ... dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22; see also United States v. Brown, 232 F.3d 399, 405-06 (4th Cir. 2000) (holding that a defendant's statements during the plea colloquy and evidence that he discussed the terms of the waiver provision with counsel and fully understood them provide powerful evidence that the waiver is valid). If the court determines that a petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Id. at 220 (internal quotations and citations omitted). Although the validity determination is often made based on the "adequacy of the plea colloquy–specifically, whether the district court questioned the defendant about the waiver–the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005).

That does not end the inquiry, however. The court must also consider the scope of the plea agreement waiver: that is, whether it prevents the court from considering the

particular claims the defendant asserts in his § 2255 action. The Court of Appeals for the Fourth Circuit has established a narrow class of claims that fall outside the scope of enforceable waiver of direct appeal rights: (1) claims that the sentence exceeds the maximum statutory penalty, (2) claims that the sentence rests on a constitutionally impermissible factor, or (3) claims that a defendant was wholly deprived of any counsel at a proceeding after the entry of the waiver, such as sentencing. Attar, 38 F.3d at 732; United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); see also Blick, 408 F.3d at 169. Thus, in addition to evaluating the validity of Moore's guilty plea and waiver of § 2255 rights, the Court must determine whether each of his § 2255 claims falls within the scope of that waiver.

### A. Moore's Waiver

The record clearly establishes that Moore knowingly and intelligently waived his right to collaterally attack his sentence, including any proceeding under § 2255. Moore signed his plea agreement and initialed every page. Page eight of his plea agreement states, "I waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter and agree I will not file any document which seeks to disturb any such order." Both Moore and his attorney represented by their signatures to the plea agreement that Moore had been fully advised of and understood its terms. Moreover, pursuant to Federal Rule of Criminal Procedure 11, before accepting the guilty plea, the Court engaged in a lengthy colloquy with Moore.

During the plea colloquy, the Court specifically questioned Moore about his understanding of the plea agreement. At the Rule 11 colloquy, Moore stated he understood he was waiving his right to appeal and collaterally attack the judgment and

sentence. Guilty Plea Hearing, 6. Moore also stated he was satisfied with his attorney's representation, and no promises had been made to him for pleading guilty, other than the government's plea agreement. Id. at 9. Moore stated he understood the rights he would be giving up by pleading guilty. Id. at 21-22. Moore additionally affirmed his plea was voluntary and he understood the punishment that may be imposed by the court. Id. at 23. Moore affirmed under oath that all of the statements he made at the hearing were true. Id. at 17.

Although Moore contends that he did not understand that by entering his plea agreement he waived his right to bring a § 2255 action, the record shows otherwise. Moore repeatedly showed that he understood that he was waiving his rights to collaterally attack his judgment, and he repeatedly affirmed that he was satisfied wit his counsel. His "solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir 2005). By signing the plea agreement, Moore agreed he was satisfied with his attorney's advice and representation and that he would make known to the Court no later than at the time of sentencing any dissatisfaction he had with his attorney's representation. At the Rule 11 colloquy, Moore again stated he was satisfied with his attorney and understood he was waiving his right to collaterally attack the sentence. He did not bring any dissatisfaction with his attorney to the Court's attention at or before sentencing. Moore made a knowing and voluntary waiver of his right to collaterally attack the judgment and conviction order.

### B. Scope of Moore's Waiver

Each of Moore's § 2255 claims is within the scope of his validly executed waiver of his right to collaterally attack his sentence. In some circumstances a petitioner may

challenge his sentence because he was denied the right to counsel during the sentencing hearing even though he executed a valid waiver, see Attar, 38 F.3d at 733, but alleging ineffective assistance of counsel during the sentencing phase is not a general exception to a waiver of the right to collaterally attack a sentence. A Petitioner who executes a valid waiver may only challenge a sentence in very limited circumstances, such as those found in Attar. In Attar, at the sentencing hearing, the district court

> improperly denied [the defendants] the effective assistance of counsel guaranteed by the Sixth Amendment when it permitted their lawyers to withdraw at the beginning of the sentencing hearing, denied [the defendant's] request for a continuance to retain substitute counsel, and forced them to represent themselves during the rest of the proceedings in the district court, including both the sentencing hearing itself and the presentation of the motion to withdraw their pleas that occurred at its outset. Id.

In Moore's case, his attorney actively represented him at the sentencing hearing, including vociferously arguing against the Court's imposition of a four-level enhancement for Moore's leadership role in the conspiracy. Sentencing Hearing, 111. Moore's only complaint is that his attorney failed to raise the disparity between crack and powder cocaine weights, and that his attorney failed to challenge his four-level enhancement. However, Moore does not give any reason why his attorney should have raised the crack cocaine disparity, and his allegation that his attorney did not challenge the four-level enhancement is completely contradicted by the record. Sentencing Hearing, 111.

Moore was not completely denied counsel as the defendants in Attar were. Therefore, the Court finds that Moore's claim does not fall within any of these three categories warranting § 2255 review in spite of an otherwise valid plea agreement waiver. The Fourth Circuit's conclusion in United States v. Wiggins governs here: "[A]

defendant who pleads guilty, and expressly waives the statutory right to raise objections to the sentence, may not then seek to appeal the very sentence which itself was part of the agreement." 905 F.2d 51, 53 (4th Cir. 1990).

## IV. Moore's Ineffective Assistance Claim

Notwithstanding the fact the Moore waived his right to collaterally attack his sentence, Moore's ineffective assistance of counsel claim fails on the merits. Moore bears the burden of establishing that counsel's failure rose to the level of a Sixth Amendment violation under Strickland v. Washington, 466 U.S. 668, 687 (1984). Strickland establishes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To prevail on an ineffective assistance of counsel claim, a habeas corpus petitioner must satisfy the two-pronged test set forth in Strickland. First, Petitioner must show "that counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Second, Petitioner must show "that the deficient performance prejudiced the defense" to the extent that the defendant was deprived of a fair trial. Id. Thus, the prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

First, Moore's claim that his counsel was deficient is without merit and is not supported by fact. The record directly contradicts Moore's claim that his attorney did not adequately challenge his four-level enhancement for leadership. Sentencing Hearing, 111. Also, Moore's attorney was not ineffective for under the Strickland standard for choosing not to challenge Moore's sentence because the crack cocaine Moore possessed

was treated differently than powder cocaine. Moore, in his plea agreement, agreed to be held responsible for 1.5 kilograms of cocaine base, and the Court was bound to consider the sentencing guidelines for the amount of cocaine base for which Moore was responsible. The only plausible argument Moore's counsel could have made would have been to remind the Court that the sentencing guidelines are advisory and that the Court could choose to depart downward from the guidelines due to the disparity in sentencing between crack and powder cocaine. The Court would not have been bound to adjust Moore's sentence. Furthermore, this was unnecessary because the Court had already acknowledged that the sentencing guidelines are advisory and that it had considered the factors noted in 18 United States Code § 3553(a), so the Court was aware that it could depart downward. Sentencing Hearing, 116. Likewise, other courts have determined that an attorney is not ineffective for choosing not to argue that the Court should depart downward due to the sentencing disparity between powder cocaine and crack cocaine. United States v. Daniels, 2010 U.S. Dist LEXIS 89507 (E.D. Va. August 27, 2010).

Second, because Moore's counsel was not deficient, Moore was not prejudiced by his actions.

## V. Conclusion

For the stated reasons, the United States' Motion for Summary Judgment is **GRANTED** and Moore's 28 U.S.C. § 2255 Motion is **DENIED**. An appropriate order shall issue this day.

Moore is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this Court issues a certificate of appealability pursuant

to § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Based upon the Court's finding that Moore has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If Moore intends to appeal and seek a certificate of appealability from the Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of the final order, or within such extended period as the Court may grant pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure.

The Clerk is directed to send copies of this memorandum opinion and the accompanying final order to the petitioner and counsel of record for the respondent.

ENTER: This 8th day of October, 2010.

Senior United States District Judge